IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civ. Action No. 3:14-CV-1033 (CSH) |
| ) | |
| FIRST NEW ENGLAND CAPITAL 2, L.P. ) | |
| ) | SEPTEMBER 26, 2014 |
| Defendant ) | |
| ) | |

## CONSENT ORDER

Before this Court is the Complaint by the United States of America, on behalf of the United States Small Business Administration ("SBA"), for a permanent injunction and the appointment of the SBA as Permanent Receiver for First New England Capital 2, L.P. ("FNEC 2"). The Court, being fully advised as to the merits, and based upon the consent of the parties, believes this relief should be granted:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1. Pursuant to the provisions of 15 U.S.C. § 687c, this Court shall take exclusive jurisdiction of FNEC 2 and all of its assets, wherever located, and the United States Small Business Administration ("SBA"), is hereby appointed receiver ("the Receiver") of FNEC 2 to serve without bond until further order of this Court. The Receiver is appointed for the purpose of administering, marshaling and, if necessary, liquidating all of FNEC 2's assets to satisfy the claims of creditors therefrom in the order of priority as determined by this Court.

2. The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the general partners, managers, officers, and directors of FNEC 2 under applicable

state and federal law and by the Certificate of Limited Partnership and Partnership Agreement of said partnership, in addition to all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754. The general partners, managers, directors, officers, employees and agents of FNEC 2 are hereby dismissed. Such persons shall have no authority with respect to FNEC 2's operations or assets, except as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of FNEC 2 and shall pursue and preserve all of its claims.

    3. The past and/or present officers, directors, agents, managers, general partners, accountants, attorneys and employees of FNEC 2, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of said partnership and all other assets and property of the partnership, whether real or personal. FNEC 2 shall furnish a written statement within five (5) days after the entry of this Order, listing the identity, location and estimated value of all assets of FNEC 2 as well as the names, addresses and amounts of claims of all known creditors of FNEC 2. All persons having control, custody or possession of any assets or property of FNEC 2, including its former General Partners, are hereby directed to turn such property over to the Receiver.

    4. The Receiver shall promptly give notice of its appointment to all known officers, directors, agents, managers, general partners, employees, limited partners, creditors, debtors and agents of FNEC 2. All persons and entities owing any obligations or debts to FNEC 2 shall, until further order of this Court, pay all such obligations in accordance with the terms thereof to the Receiver, and its receipt for such payments shall have the same force and effect as if FNEC 2 had received such payments.

5.  The Receiver is hereby authorized to open such Receiver's bank accounts, at banking or other financial institutions, to extend credit on behalf of FNEC 2, to utilize SBA personnel, and to employ such other personnel as necessary to effectuate the operation of the receivership including, but not limited to, attorneys and accountants, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or payments for expenses incidental to administration of the Receivership. In addition, the Receiver is authorized to reimburse the SBA or its employees for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any claim or asset, other than real estate, which would result in net proceeds to the Receiver and the receivership estate.

6.  FNEC 2's past and/or present officers, directors, agents, managers, general partners, limited partners, employees, and other appropriate persons (including, without limitation, the defendant's portfolio of small business concerns and banks or other financial institutions doing business with defendant and/or defendant's portfolio of small business concerns) shall answer under oath, pursuant to a Receiver's Notice or Subpoena, to the Receiver, all questions which it may put to them regarding the business of said partnership, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to FNEC 2. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons, the production of documents, information, or any other form of discovery concerning the assets, property or business assets of FNEC 2 or any other matter relevant to the operation or

3

administration of the Receivership or the collection of funds due to FNEC 2, the Receiver shall direct notice for any such appearance by certified mail, and said persons shall appear and give answer to the Receiver, produce documents or submit to any other form of discovery in accordance with the Federal Rules of Civil Procedure.

7. The parties or prospective parties to any and all civil legal proceedings wherever located, including, but not limited to arbitration proceedings, bankruptcy or foreclosure actions, default proceedings, or any other proceedings involving (i) FNEC 2, (ii) any assets of FNEC 2, (iii) the Receiver for FNEC 2 or (iv) FNEC 2's present or past officers, directors, managers, or general partners (including the managers or members of such general partner) to the extent said civil legal proceedings involve any action taken by them while acting in their official capacity with FNEC 2, are enjoined from taking any action, including discovery, commencing or continuing any legal proceeding of any nature without further order of this Court.

8. All civil legal proceedings wherever located, including arbitration proceedings, foreclosure activities, bankruptcy actions, or default proceedings, but excluding the instant proceeding, involving (i) FNEC 2, (ii) any of assets of FNEC 2, (iii) the Receiver for FNEC 2, or (iv) FNEC 2's present or past officers, directors, managers, or general partners (including the managers or members of such general partner) to the extent said civil legal proceedings involve any action taken in their official capacity for FNEC 2 are stayed in their entirety, and all courts having any jurisdiction thereof are enjoined from taking or permitting any action in such proceedings until further Order of this Court.

9. Further, as to a cause of action accrued or accruing in favor of FNEC 2 against a third person or party, any applicable statute of limitation is tolled to the extent allowed by applicable law during the period in which this injunction against commencement of legal

4

proceedings is in effect as to that cause of action.

10. FNEC 2 and its past and/or present directors, officers, managers, general partners, agents, employees and other persons acting in concert or participation therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and property of FNEC 2 to the detriment of the Receiver appointed in this cause, including but not limited to destruction of partnership records, or which would violate the Small Business Investment Act of 1958, as amended, (the "SBIA"), 15 U.S.C. Section 661 et seq., or the regulations promulgated thereunder, (the "Regulations"), 13 C.F.R. § 107.1 et seq.

11. The Receiver is authorized to borrow on behalf of FNEC 2, from the SBA, up to $1,000,000, and is authorized to cause FNEC 2 to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of FNEC 2, excluding administrative expenses of the Receivership, whether presently existing or hereinafter incurred, including without limitation any claims of partners of FNEC 2.

12. This Court determines and adjudicates that FNEC 2 has violated 13 C.F.R. § 107.1830(b) of the Regulations as alleged in the Complaint filed in this matter. After completing its activities in accordance with this Order, the Receiver may recommend that FNEC 2's license as an SBIC be revoked.

**FIRST NEW ENGLAND CAPITAL 2, L.P.**
a Connecticut limited partnership

By: FINEC Corp.

its General Partner

By: _____
Name: RICHARD KLITANSKI
Its: President

**UNITED STATES SMALL BUSINESS ADMINISTRATION**

By: _____
Thomas G. Morris, Director
Office of SBIC Liquidation

**IT IS SO ORDERED.**

Dated this 26th day of Sept., 2014.


/s/Charles S. Haight, Jr.
CHARLES S. HAIGHT, JR.
SENIOR **UNITED STATES DISTRICT JUDGE**